FILED
2009 JAN 15 PM 1:29
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK STANNARD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY,<br><br>Defendant. | Case No: 07-CV-0589 W (NLS)<br><br>**ORDER DENYING IN-PART AND GRANTING IN-PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (DOC. NO. 18)** |

Pending before the Court is Plaintiff's Motion for Class Certification. The matter is decided on the papers pursuant to Civil Local Rule 7.1(d.1). For the reasons set forth below, the Court **DENIES** the request for class certification under Federal Rule of Civil Procedure 23, but **GRANTS** the request for conditional certification under the Fair Labor Standards Act ("FLSA").

I.  **BACKGROUND**

Plaintiff Frank Stannard began his employment as a Technical Specialist for Defendant Southern California Edison Company ("Edison") in approximately June 1980. In 1996, Edison created technical specialist ("TSP") categories, and divided

them into four levels. TSP-1s and TSP-2s receive overtime pay. TSP-3s and TSP-4s are classified as exempt employees and do not receive overtime pay.

In 2005, Stannard was elevated from a TSP-2 to a TSP-3. As a TSP-3, Stannard's compensation consisted of a base salary plus "supplement time", which is "straight pay for time over 40 hours. . . ." (*Mot.* at 3–4.) Accordingly, although Stannard consistently worked in excess of eight hours per day and 40 hours per week, he did not receive overtime pay.

In this lawsuit, Stannard challenges Edison's classification of TSP-3s as exempt. Stannard seeks an order certifying his first cause of action for Failure to Pay Overtime Wages Pursuant to the FLSA as a Rule 23[1] class or conditional certification under the FLSA. The proposed group of plaintiffs are:

> all current and former employees of defendant Southern California Edison Company who worked at the San Onofre Nuclear Generating Station (SONGS) and were employed as [TSP-3s] from September 28, 2003 to the present.

(*Not. of Mot.*, p.1.)

## II.  PLAINTIFF'S RULE 23 CLASS CERTIFICATION MOTION

In his moving papers, Stannard requests class certification under Rule 23. But as Edison correctly points out, FLSA claims may only be pursued as opt-in collective actions: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Because Stannard only seeks certification with respect to his FLSA claim, class certification under Rule 23 is unavailable.

//
//

---

[1] All reference to "Rule 23" means Federal Rule of Civil Procedure 23.

### III. PLAINTIFF'S FLSA CONDITIONAL CERTIFICATION MOTION.

Under the FLSA, an employee may sue his or her employer for alleged statutory violations on the employee's own behalf and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). Interested similarly situated employees must "opt in" to the lawsuit by filing a written "consent . . . in the court in which the action is brought." Id. Thus, unlike in a class action under Federal Rule of Civil Procedure 23, only those individuals who expressly join the collective action are bound by the results. McElmurry v. U.S. Bank Nat'l. Assn, 495 F.3d 1136, 1139 (9th Cir. 2007).

Plaintiff bears the burden of certifying a collective action by demonstrating that the proposed group of employees are "similarly situated." Pfohl v. Farmers Ins. Group, 2004 WL 554834, at *2 (C.D.Cal. March 1, 2004). Although some courts have used Rule 23's class-action requirements to evaluate the issue, the majority of courts apply a two-step approach. In the first step, the court decides, "based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action." Leuthold v. Destination America, Inc. 224 F.R.D. 462, 467 (N.D. Cal. 2004). A lenient standard applies at this phase and generally results in conditional certification. Gerlach v. Wells Fargo & Co., 2006 WL 824652, *2 (N.D.Cal. March 28, 2006) (citing Wynn v. National Broadcasting Co., Inc., 234 F.Supp.2d 1067, 1082 (C.D.Cal. 2002)).

The second step generally occurs when the opposing party files a motion to decertify the class after the close of discovery. Kane v. Gage Merchandising Services, Inc., 138 F.Supp.2d 212, 214 (D. Mass. 2001). At the second stage, the court uses the complete factual record to determine whether the proposed plaintiffs are "similarly situated." If they are not, the court may decertify the class and dismiss the opt-in plaintiffs without prejudice. Id.

Here, the parties have primarily relied on the two-step approach for deciding conditional certification. For this reason, and because that method has been used by the majority of courts, this Court will also proceed under the two-step analysis.

Stannard's basic argument is that TSP-3s are similarly situated because their primary responsibility is to write procedures for Edison. (*Reply*, p.6.) Edison responds that Stannard has failed to cite any supporting evidence. (*Opp'n*, at 12.)

But Stannard's claim that TSP-3s are similarly situated is supported by Edison's Job Family Description, attached as Exhibit 2 to Damon Lieu's deposition transcript.[2] The document lumps all TSP-3s under the same description for "area of responsibility," "decision making & impact," "education, certifications, and/or licenses," and "knowledge/experience." (*See Keegan Reply Decl.*, Ex. 2, p.78.) The single description applicable to all TSP-3s supports an inference at this stage in the analysis that TSP-3s are similarly situated.

In addition, the declarations submitted by Edison also provide some support for Stannard's claim that TSP-3s are responsible for preparing procedures. Some of the declarations specifically acknowledge that the TSP-3s draft procedures. (*See Plumlee Decl.*, ¶¶9–11, 14, 19, 24; *Becker Decl.*, ¶¶7–11.) Other declarations, although not admitting that TSP-3s *write* procedures, demonstrate that TSP-3s are involved in evaluating procedures. (*See Genschaw Decl.*, ¶6; *Ashbrook Decl.*, ¶5; *Helvig Decl.*, ¶¶5–16.)

The Court is mindful of the fact that the declarations also support Edison's claim that many of the duties and responsibilities of TSP-3s differ, depending on which division or group the TSP-3 is assigned to. But the declarations do not clarify whether the duties that differ take up a greater percentage of the TSP-3's work. To the extent that all TSP-3s are involved in preparing procedures, but that this responsibility does not account for a significant percentage of their work, Stannard may be hard pressed to establish that the employees are similarly situated. But at this stage in the analysis, with the record currently before the Court, such a determination is premature.

//
//

---

[2] Mr. Lieu was designated by Edison as its person most qualified to testify regarding the duties and responsibilities of Edison's TSP-3s. (*Keegan Reply Decl.*, p.1.)

IV. **CONCLUSION AND ORDER**

For the foregoing reasons, the Court **DENIES IN-PART** and **GRANTS IN-PART** Plaintiff's motion (Doc. No. 18), and **ORDERS** as follows:

- Stannard's request for class certification under Federal Rule of Civil Procedure 23 is denied.
- Stannard's request for FLSA conditional certification under 29 U.S.C. § 216(b) for purpose of sending notice of the action to propective plaintiffs is granted.
- On or before **January 26, 2009**, the parties shall submit proposed forms of notice to be issued to the prospective plaintiffs. Any objections to the proposed forms shall be filed on or before **February 5, 2009**, at which time the matter will be submitted.

**IT IS SO ORDERED.**[3]

DATE: January 15, 2009

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

---

[3] Because this ruling is not based on any of the testimony to which Edison and Stannard object, the Court need not rule on those objections.