PATRICK S. KEEGAN (S.B. #167698)
KEEGAN & BAKER LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749

PATRICK J.S. NELLIES (S.B. #171254)
ADVANTAGE LAW GROUP, APC
12526 High Bluff Drive, Suite 145
San Diego, CA 92130
Telephone: (858) 793-8565
Facsimile: (858) 793-8569

Attorneys for Plaintiffs

GORDON E. KRISCHER (S.B. #50935)
LINDA KWAK (S.B. #228615)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant
Southern California Edison Company

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK STANNARD, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation; and DOES 1 through 100, inclusive,<br>    Defendant. | Case No. 07 CV 589 W (NLS)<br><br>AMENDED JOINT RULE 26(f) REPORT AND DISCOVERY PLAN |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), counsel for Plaintiff Frank Stannard ("Stannard" or "Plaintiff"), and Defendant Southern California Edison Company ("Edison" or "Defendant"), state as follows:

**(1)  Summary of Claims and Affirmative Defenses**

**Plaintiff's Statement**

Plaintiff brings this matter as a collective action under the Fair Labor Standards Act ("FLSA").  Plaintiff was employed by Edison as a Technical Specialist at the San Onofre Nuclear Generating Station ("SONGS").  SONGS is partially owned by Edison and is located on the Camp Pendleton Marine Corps Base, which is a federal enclave.  Plaintiff filed a Second Amended class action complaint ("SAC") against Edison in San Diego Superior Court on March 21, 2007. The case was removed to the United States District Court for the Southern District of California on April 2, 2007.

Plaintiff filed a Motion for Class Certification on July 14, 2008, seeking (1) certification of a class under Rule 23 of the Federal Rules of Civil Procedure; and (2) conditional certification of an opt-in class pursuant to the FLSA.  Defendant filed an opposition on August 5, 2008 and Plaintiff replied on August 15, 2008.  On January 15, 2009, the Court granted Plaintiff's request for FLSA § 16(b) conditional certification and entered an order pursuant to 29 U.S.C. § 216(b) conditionally certifying Plaintiff's first claim for relief for violations of the Fair Labor Standards Act on behalf of a class of defined as follows:

> all current and former employees of defendant Southern California Edison Company who worked at the San Onofre Nuclear Generating Station (SONGS) and were employed as a Technical Specialist 3 (TSP-3) since September 28, 2003 (the "Class Period");

and (2) appointing plaintiff Frank Stanndard as the representative of the Class and the law firms of Keegan & Baker, LLP and Advantage Law Group, APC, in the persons of Patrick N. Keegan, Esq., and Patrick J.S. Nellies, Esq., respectively, as Co-Lead Counsel for the Class.  In addition, the Court ordered that notice be given

to the Class on March 13, 2009 and requiring persons employed as a Technical Specialist 3 (TSP-3) since September 28, 2003 to deliver a Consent Sue form by May 12, 2009 in order to participate as a member of the Class.  As a result, the Class is comprised of 77 Class members, including Plaintiff.  On August 27, 2009, Plaintiff filed a Third Amended Complaint on behalf of himself and the Class.  As more fully described in the Third Amended Complaint, Plaintiff alleges that that Edison failed to comply with the FLSA by misclassifying otherwise "non-exempt" employees as "exempt" and by failing to pay overtime wages in violation of the FLSA.  Plaintiff, for himself and all Class members, seeks damages, unpaid compensation and an additional equal amount as liquidated damages, punitive damages, and interest, as well as attorneys' fees and costs of this litigation.  On September 23, 2009, Edison filed an Answer to the Third Amended Complaint.

### Defendant's Statement

Key Defenses

First, Edison asserts that only federal law applies to this matter because the SONGS employees all work at the SONGS facility, which is located on a federal enclave.  Second, Edison asserts that the TSP3s at SONGS were properly classified as exempt employees under federal law at all times during the Class Period, and that Edison has properly compensated them.  Third, to the extent Plaintiff seeks recovery for time certain TSP3s (including named Plaintiff, Stannard) were assigned to be "on-call" as part of the Emergency Response Organization ("ERO"), Edison asserts that such time is non-compensable as a matter of law.

Affirmative Defenses

Edison believes that it has the following affirmative defenses, among others: (1) Plaintiff's claims fail to state facts sufficient to constitute a cause of action; (2) Plaintiff's claims cannot and should not be maintained on a class-action basis because those claims fail to meet the necessary requirements for class certification

including, *inter alia*, typicality, commonality, numerosity, superiority, and adequacy of the class representative; (3) Under the circumstances of this case, certification of a class would violate Edison's rights under the United States Constitution and the California Constitution; (4) Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing; (5) Plaintiff's claims are barred because Plaintiff and the putative members were at all relevant times exempt from the overtime pay requirements of federal law pursuant to the overtime exemptions for, *inter alia*, "white collar" employees; (6) Plaintiff's claims are barred in whole or in part because Edison has at all times acted in good faith, in conformity with and in reliance on statute, common law and the written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of governmental agencies, and on the basis of a good-faith and reasonable belief that it had fully complied with applicable wage and hour laws; (7) Plaintiff's claims are barred in whole or in part by the principles of accord and satisfaction, and payment; (8) If any damages have been sustained by Plaintiff, or by any putative members of the purported class that was conditionally certified by this Court on January 15, 2009, although such is not admitted hereby or herein and is specifically denied, Edison is entitled under the equitable doctrine of setoff and recoupment to offset all obligations owed by the Plaintiff or putative members to Edison against any judgment that may be entered against Edison; (9) Plaintiff's claims fail to state facts sufficient to constitute a claim or prayer for punitive damages; and (10) Plaintiff is not entitled to a jury trial.

Defendant reserves the right to amend its affirmative defenses as this litigation proceeds.

### (2)   Settlement Discussions

Counsel for Plaintiff and Edison participated in an Early Neutral Evaluation conference set by this Court on May 15, 2007. The parties were unable to settle the case at that time. The parties also discussed settlement in a preliminary fashion at the FRCP 26-mandated early meeting of counsel on June 4, 2007. Edison believes at this juncture that it is premature to revisit the possibility of settlement, and instead, the parties intend to engage in merits-based discovery. Edison intends to file a Motion to Decertify the Conditional Class following the close of that discovery.

### (3)   Initial Disclosures

The parties expect to serve their respective Supplemental Initial Disclosures on or before November 2, 2009.

### (4)   Discovery Plan, Including Preservation of Discoverable Information

At this stage of this litigation, the parties agree that each party should be afforded 35 Requests for Admissions, 35 Special Interrogatories, and 20 depositions given the conditional certification of the Class and Edison's anticipated Motion to Decertify the Conditional Class.

**Plaintiff's Statement**

Given the conditional certification of the Class and Edison's anticipated motion to decertify, Plaintiff does not believe that the default limits set out in the Federal Rules of Civil Procedure should control and he anticipates that the parties' agreement to exceed those limits (35 Requests for Admissions, 35 Special Interrogatories, and 20 depositions) will need to be further extended. For example, Edison filed in opposition to Plaintiff's motion for class certification declarations of 7 witnesses (none of which have been deposed) and Plaintiff has identified 67 additional potential witnesses who directly supervised Class members during the Class Period. As a result, Plaintiff requested that Defendant agree that the each side

be afforded 100 requests for admissions and 100 special interrogatories, and 100 depositions, to which Defendant failed to agree.  If, as discovery progresses, the agreed to limits appear inadequate, Plaintiff will meet and confer with a strong commitment to resolving such matters without a need for Court intervention.

Finally, Plaintiff requests, with respect to electronic discovery, that all documentation and information designated by Edison in its Supplemental Initial Disclosures and that is responsive to Plaintiff's written discovery requests and interrogatories should be produced in its original electronic format or if the original electronic format is proprietary and unavailable to Plaintiff, then in Adobe Acrobat (pdf).  Plaintiff requests that Edison identify for the Plaintiff the software systems on which the responsive documents and information is contained.  Plaintiff agrees to meet and confer regarding the format of production of those records, considering such factors as cost, volume and complexity of production.

**Defendant's Statement**

Defendant believes, at this juncture, that each party should be afforded 35 Requests for Admissions, 35 Special Interrogatories, and 20 depositions.  If, after this Court rules on Defendant's forthcoming Motion to Decertify the Conditional Class, these limits appear inadequate, Defendant will meet and confer with a strong commitment to resolving such matters without a need for Court intervention.

Defendant agrees to meet and confer regarding the format of production of responsive electronic records, considering such factors as cost, volume and complexity of production after Plaintiff has identified the specific categories of documents Plaintiff seeks and has served a Request for Production pursuant to the Federal Rules of Civil Procedure.  Defendant maintains its electronic records on various different software systems and would need further detail regarding the information Plaintiff seeks.  To the extent any of the information Plaintiff seeks is available in both hardcopy and electronic format, Defendant will produce such

information in the manner it determines to be most cost-effective and least burdensome to it.

Dated:  October 27, 2009.                Respectfully submitted,

                                         KEEGAN & BAKER LLP
                                         PATRICK N. KEEGAN

                                         ADVANTAGE LAW GROUP, APC
                                         PATRICK J.S. NELLIES


                                         By: s/Patrick N. Keegan
                                                 PATRICK N. KEEGAN
                                         Attorneys for Plaintiffs

Dated: October 27, 2009.                 Respectfully submitted,

                                         O'MELVENY & MYERS LLP
                                         GORDON E. KRISCHER
                                         LINDA KWAK


                                         By: s/ Linda Kwak
                                                 LINDA KWAK
                                         Attorneys for Defendant
                                         Southern California Edison Company

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **AMENDED JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** was filed electronically on October 27, 2009, and will, therefore, be served electronically upon:

Gordon E. Krischer, Esq.
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660-6429
Tel: (949) 760-9600
Fax: (949) 823-6994

Linda Kwak, Esq.
O'MELVENY & MYERS, LLP
400 South Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
Fax: (213) 430-6407

Executed October 27, 2009, at Carlsbad, California.

s/ Patrick N. Keegan
Patrick N. Keegan
Attorney for Plaintiff and the Class
e-mail: pkeegan@keeganbaker.com