1  Patrick J.S. Nellies (SBN 171254)
   Marc G. Kroop (SBN 168600)
2  **ADVANTAGE LAW GROUP, APC**
   5820 Oberlin Drive, Suite 110
3  San Diego, California 92121
   TEL:  (858) 793-8565
4  FAX:  (858) 793-8569

5  Patrick N. Keegan, Esq. (SBN 167698)
   Lisa M. Magorien, Esq. (SBN 259877)
6  **KEEGAN & BAKER, LLP**
   5650 El Camino Real, Suite 120
7  Carlsbad, California 92008
   TEL:  (760) 929-9303
8  FAX:  (760) 929-9260

9  Attorneys for Lead Plaintiff FRANK STANNARD and the Certified Class

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK STANNARD, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 07-CV-589 W (NLS)<br><br>**LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT'S OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR PROTECTIVE ORDER: (1) PROHIBITING DEFENDANT FROM PROPOUNDING WRITTEN DISCOVERY ON CLASS MEMBERS; AND (2) PROHIBITING DEFENDANT FROM TAKING THE DEPOSITIONS OF CLASS MEMBERS**<br><br>Date: January 20, 2010<br>Time: 3:30 p.m.<br>Place: Courtroom G<br>Magistrate Judge Nita L. Stormes |

# TABLE OF CONTENTS

I. SUMMARY OF ARGUMENTS ................................................. 1

II. DISCUSSION ............................................................ 2

    A. This Court Should Prohibit Discovery Of The Opt-In Class Members In This Class Action .................................................. 2

        1. This Court Should Prohibit Discovery Of The Opt-In Class Members Because The Class Notice Did Not Notify The Members That They Would Be Subject To Individualized Discovery ........... 2

        2. This Court Should Prohibit Discovery Of The Opt-In Class Members Because FLSA Actions Routinely Determine Issues, Damages And Liability On A Class Wide Basis ........................... 3

        3. This Court Should Prohibit Discovery Of The Opt-In Class Members Because Defendant Cannot Meet Its Heavy Burden Showing Its Need To Seek Formal Discovery From Every Opt-In Class Member In This Case ................................................ 6

        4. This Court Should Prohibit Discovery Of The Opt-In Class Members Because Defendant Failed to Receive An Order From The Court Before Propounding Discovery On Opt-In Class Members ...... 8

    B. Even If This Court Were To Allow Defendant To Conduct Discovery On Opt-In Class Members, The Discovery Should Be Confined To A Limited, Representative Sample ..................................... 9

III. CONCLUSION .......................................................... 10

# TABLE OF AUTHORITIES

**CASES**

*Adkins v. Mid-America Growers, Inc.,*
141 F.R.D. 466 (N.D.Ill.,1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Alvarez v. IBP, Inc.,*
2001 WL 34897841 (E.D.Wash. Sept. 14, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Barrus v. Dick's Sporting Goods, Inc.,*
465 F.Supp.2d 224 (W.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Bradford v. Bed Bath & Beyond, Inc.,*
184 F. Supp. 2d 1342 (N.D. Ga. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Chao v. Pacific Stucco, Inc.,*
2006 WL 2432862 (D.Nev. Aug. 21, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Coldiron v. Pizza Hut, Inc.*,
2004 WL 2601180 (C.D.Cal.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Cranney v. Carriage Services, Inc.*
2008 WL 2457912 (D.Nev., 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Delaney v. Geisha NYC, LLC,*
261 F.R.D. 55 (S.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Donovan v. Simmons Petroleum Corp.,*
725 F.2d 83 (10th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Falcon v. Starbucks Corp.,*
No. H-05-0792, 2008 WL 155313 (S.D. Tex. Jan. 15, 2008) . . . . . . . . . . . . . . . . . . . . . . . 3

*Hoffman v. Construction Protective Services, Inc.*,
541 F.3d 1175 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hoffman v. Sperling,*
493 U.S. 165 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*McGrath v. City of Philadelphia,* 1
994 WL 45162 (E.D.Pa.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*McLaughlin v. Ho Fat Seto,*
850 F.2d 586 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*McPhail v. First Command Financial Planning, Inc.*,
251 F.R.D. 514 (S.D.Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Mike v. Safeco Ins. Co. of America,*
274 F.Supp.2d 216 (D. Conn. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Morales-A rcadio v. Shannon Produce Farms, Inc.,*
No. CV605 - 062, 2006 WL 2578835 (S.D.Ga. Aug. 28, 2006) . . . . . . . . . . . . . . . . . . . . . 3

*Nelson v. Am. Standard, Inc.*,
2009 WL 4730166 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Parks v. Eastwood Ins. Servs.*,
2002 WL 34370244 (C.D. Cal. July 29, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Prentice v. Fund for Public Interest Research, Inc.*,
2007 WL 2729187 (N.D.Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Prentice v. Fund for Public Interest Research, Inc.*,
2007 WL 2729187 (N.D.Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Thiebes v. Wal-Mart Stores, Inc.,*
2002 WL 32770082 (D.Ore. Oct. 15, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Trinh v. JP Morgan Chase & Co.*,
2008 WL 1860161 (S.D.Cal.,2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**OTHER**
Alba Conte & Herbert Newberg, *Newberg on Class Actions*
    §16.3 at 142-143 (4th ed. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Lead Plaintiff Frank Stannard (hereinafter "Lead Plaintiff") respectfully submits this memorandum of points and authorities in reply to Defendant Southern California Edison Company's (hereinafter "Defendant" or "Edison") opposition to the Motion for Protective Order prohibiting Edison from (1) propounding written discovery on opt-in, non-party class members; and (2) taking the depositions of opt-in, non-party class members.

## I.
## SUMMARY OF ARGUMENTS

In response to Edison's First Set of Requests for Production of Documents to Plaintiffs Listed on Exhibit A propounded on *all* 76 opt-in class members (hereinafter "the Class"), and Edison's notice of depositions of two opt-in Class members, Lead Plaintiff filed the instant motion. In its Opposition, Edison first argues that it is permitted to take discovery from the Class members even though the notice was silent on that issue. Edison then blatantly ignores Lead Plaintiff's ample authority showing that discovery in FLSA actions should be taken on a representative, class wide basis. Edison instead alleges that individualized discovery is appropriate in an FLSA action, and Plaintiff is mistaken in citing Rule 23 cases. Edison then somehow suggests that its discovery is "narrowly tailored" despite the fact that it asks for personal diaries and credit card information. Finally, Edison argues that either a court order is not necessary in an FLSA action, or that this Court has already ruled on the scope of permissible discovery in this matter, making a court order unnecessary, but cites no legal authority to support either of its claims. In his Reply, Lead Plaintiff points to legal authority which demonstrates that discovery on individual class members is inappropriate where the class has not been notified in the class notice that they could be subject to individualized discovery. Lead Plaintiff then lists a plethora of cases, uncontested by Edison, which hold that discovery in an FLSA action should be conducted on a class wide basis. Lead Plaintiff also argues that the better reasoned line of FLSA cases apply Rule 23 by analogy and prohibit individualized discovery, making an analysis of Rule 23 cases entirely appropriate. Moreover, as demonstrated below, courts which have allowed discovery place a heavy burden on the proponent seeking discovery from class members, a burden which Edison cannot meet. Finally, Lead Plaintiff demonstrates that Edison has not received a necessary court order before propounding discovery, and

even if the Court allows some discovery of the Class, it should be limited to a representative sample.

## II.
## DISCUSSION

**A. This Court Should Prohibit Discovery Of The Opt-In Class Members In This Class Action**

    **1. This Court Should Prohibit Discovery Of The Opt-In Class Members Because The Class Notice Did Not Notify The Members That They Would Be Subject To Individualized Discovery**

In its Opposition, Edison argues that it is permitted to take discovery from the Class even though the notice was silent on that issue. (Oppo. Memo., 7:8-10). Edison then states, "Plaintiffs argue, without the support of legal authority, that Edison is precluded from obtaining discovery from opt-in Plaintiffs..." (Oppo. Memo., 7:10-11). Edison must have overlooked the legal authority clearly cited by Lead Plaintiff in support of his position. (Protective Order Memo., 5:13-15). Courts have held that a plaintiff's class notice in an FLSA collective action *should not* incorporate language informing potential plaintiffs that they may be required to answer questions in writing or in deposition if they join the collective action <u>because discovery is inappropriate as to opt-in class members</u>. *Prentice v. Fund for Public Interest Research, Inc.*, 2007 WL 2729187, 5 (N.D.Cal. 2007) *Newberg on Class Actions* states that discovery on absent class members must be on a voluntary response basis, without the threat of sanctions for non-response, when the absent members are not given reasonable notice and opportunity to assert individual proofs of claim. Alba Conte & Herbert Newberg, *Newberg on Class Actions* §16.3 at 142-143 (4th ed. 2002). The Class Notice sent to all Class members in the present action did not warn them that Edison might one day seek, and they could be subject to, formal discovery. Moreover, if Edison had stated its intent when the parties and the Court were preparing the Class Notice, Class members should have been apprised that they should also consider intervening into the case if they are to be subject to the formal discovery just as named parties.

The legal authority Edison uses to suggest that discovery is still appropriate despite lack of warning in a class notice is inapposite and easily distinguishable. In *Hoffman v. Sperling,* 493 U.S. 165, 170 (1989), the court held that *plaintiffs* were entitled to the <u>names and addresses</u> of discharged employees in order to send those employees a consent document to join the suit. This is inapposite

to the case at hand where the Class has already been established and conditionally certified, and now *Defendant* seeks <u>written discovery and deposition testimony</u> from the Class. In *Delaney v. Geisha NYC, LLC,* 261 F.R.D. 55, 59 (S.D.N.Y. 2009), the defendant wanted to put clear language in the class notice warning class members that they could be subject to individualized discovery, but the court disagreed, leaving out defendant's proposed language. This case never discusses or even mentions whether discovery of opt-in class members would be appropriate without defendant's suggested warning. The court in *Parks v. Eastwood Ins. Servs.*, 2002 WL 34370244, *4 (C.D. Cal. July 29, 2002) faced the opposite issue of the present case because the opt-in class members in that case *were specifically warned* that they could be subject to individualized discovery. Because the Class notice did not warn the Class that they could be subject to individualized discovery, and Edison presents no legal authority which demonstrates that Class members should be subject to such despite lack of warning, Lead Plaintiff respectfully requests that the Court grant Lead Plaintiff's Motion for a protective order.

**2. This Court Should Prohibit Discovery Of The Opt-In Class Members Because FLSA Actions Routinely Determine Issues, Damages And Liability On A Class Wide Basis**

In his Motion, Lead Plaintiff demonstrated that courts in FLSA actions have repeatedly held that all issues, damages and liability can be determined on a *class wide, representative basis*.[1] In its Opposition, Edison did not distinguish or object to *any* of the cases cited by Lead Plaintiff to support this position (listed in footnote 2 of this Reply). Lead Plaintiff contends that all issues, damages and liability can be determined on a *class wide, representative basis*, formal, individual discovery of non-party, opt-in Class members is inappropriate and unnecessary, especially here where Edison is already possession of nearly all of documents it seeks from Class members.

---

1  *See, e.g., Falcon v. Starbucks Corp.,* No. H-05-0792, 2008 WL 155313, at *9 (S.D. Tex. Jan. 15, 2008); *Morales-Arcadio v. Shannon Produce Farms, Inc.,* No. CV605 - 062, 2006 WL 2578835 (S.D.Ga. Aug. 28, 2006); *Chao v. Pacific Stucco, Inc.,* 2006 WL 2432862, *3 (D.Nev. Aug. 21, 2006) (holding representative testimony may be used to establish class-wide relief in FLSA case); *Barrus v. Dick's Sporting Goods, Inc.,* 465 F.Supp.2d 224, 232 (W.D.N.Y. 2006) (ordering representative sampling for purposes of discovery); *Thiebes v. Wal-Mart Stores, Inc.,* 2002 WL 32770082, *2 (D.Ore. Oct. 15, 2002) (finding representative testimony appropriate in FLSA collective action); *Alvarez v. IBP, Inc.,* 2001 WL 34897841, *6 (E.D.Wash. Sept. 14, 2001) (holding "[t]he use of representative evidence is well-accepted for determining liability in FLSA cases."); *McLaughlin v. Ho Fat Seto,* 850 F.2d 586, 589 (9th Cir. 1988) (holding that damages could be established by representative testimony for employees who did not testify); *Donovan v. Simmons Petroleum Corp.,* 725 F.2d 83, 86 (10th Cir. 1983).

Edison instead argues that Lead Plaintiff's references to Rule 23 cases are "inapplicable" (Oppo. Memo., 1:4) and "misplaced" (Oppo. Memo., 8:18-19). Apparently, Edison is choosing to simply ignore that the 9th Circuit has yet to rule on this issue[2], and the better-reasoned line of FLSA cases which <u>explicitly apply Rule 23 by analogy</u> and allow opt-in class members to uphold their passive role. *See Adkins v. Mid-America Growers*, Inc., 141 F.R.D. 466, 468 (N.D.Ill.,1992); *McGrath v. City of Philadelphia,* 1994 WL 45162, 2 (E.D.Pa.1994). Because Lead Plaintiff believes that FLSA cases which apply Rule 23 are the correct precedent, discussion of Rule 23 cases are entirely appropriate.

Edison's real argument appears to be that opt-in Class members are in actuality *named* parties subject to the same burdens as their class representatives. Courts in FLSA actions have explicitly held that doing so is against public policy and prohibited such treatment. In *Adkins*, the court applied Rule 23 by analogy and held that discovery should not have been held on an individualized basis in an action brought under § 216. *Adkins* held that public policy considerations heavily favor class wide discovery, stating that individualized discovery may debilitate the putative class in such a way as to preclude certification by dissuading class members from continuing to assert their claims. *Id.* Because the court had already determined that the plaintiffs are "similarly situated," individual depositions and interrogatories were not appropriate. *Adkins v. Mid-American Growers, Inc*. 143 F.R.D. 171, 174 (N.D.Ill. 1992).[3] Moreover, Edison's argument that *Adkins* is inapplicable because the class consisted of "illiterate, transient plaintiffs" is nonsensical and entirely without merit. (Oppo. Memo., 11:22-22). The court in *Adkins* applied an extremely broad prohibition on individualized discovery, holding that discovery should be conducted on a class wide level "except

---

2 The 9th Circuit has yet to rule on this issue, but recognized that the law in this area is unsettled. *Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).

3 Edison attempts to piecemeal a quote from *Adkins* in a failed effort to argue that *Adkins* allows for individualized discovery . (Oppo. Memo., 11:22-24). In the lines directly before and directly after the quote cited by Edison, the court in *Adkins* explicitly held that discovery of opt-in plaintiffs should be prohibited: "Moreover, dismissal is inappropriate because conducting discovery on an individualized basis under the circumstances is improper... Nonetheless, despite the differences between Rule 23 class actions and representative suits under the FLSA, individualized discovery is not appropriate... Because the court has already determined the plaintiffs are 'similarly situated,' individual depositions and interrogatories are not appropriate." *Id*. at 174.

in the rarest of cases," *not* except when plaintiffs can read or own homes. *Adkins, supra,* 141 F.R.D. at 468. The court in *McGrath*, a class also brought under § 216, applied Rule 23 by analogy and held that defendants were not entitled to individualized written discovery because doing so "would only serve to obfuscate the issues and drastically enhance the costs of litigation." *McGrath v. City of Philadelphia, supra,* 1994 WL 45162 at *2-3 (*citing Adkins v. Mid American Growers*). Edison's attempt to distinguish *McGrath* based on the size of the class is without merit. (Oppo. Memo., 11:25-26). The court in *McGrath* held that individualized discovery is inappropriate in an FLSA class action *without exception*, and nowhere in *McGrath* does the court state or even infer that individualized discovery would be appropriate with a smaller class. *Id.* at 2. Another California court has recently followed the principles in *Adkins* and *McGrath* in an FLSA collective action under § 216. *Prentice v. Fund for Public Interest Research*, *Inc.*, 2007 WL 2729187 (N.D.Cal. 2007).

Edison cites to *Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601180, *2 (C.D.Cal.) to support its argument that individualized discovery on *each* opt-in plaintiff is appropriate in FLSA actions. (Oppo. Memo., 10:14-22). However, Edison ignores the follow up decision in that case, holding that deposition testimony should be limited to a representative sample of 8 out of 306 opt-in plaintiffs. *See Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601178 (C.D.Cal.).[4]

Because passive class members assert the same common issues as their class representatives, discovery should be limited to the named parties who act on behalf of the remaining class members. Requiring written discovery and/or deposition testimony from unnamed parties, who maintain the same common grievance as those chosen to represent them, is repetitive, burdensome and a general waste and undue burden on all those involved. In the present case, this Court already determined that the opt-in Class members are similarly situated. *See* Order Denying In Part and Granting In Part Plaintiff's Motion For Class Certification, DOC. NO. 18, dated January 15, 2009. It would therefore be an unnecessary waste of time and money to conduct discovery of each opt-in Class member who this Court has already determined share the same grievance as the Lead Plaintiff.

---

4     Edison points to other unreported and district court cases to support its position that this Court should conduct individualized discovery on the opt-in Class members. (Oppo. Memo., 10:22-11:10). As previously stated, the 9th Circuit has yet to rule on this issue, and Lead Plaintiff contends that individualized discovery of Class members is unnecessary in this case.

3. **This Court Should Prohibit Discovery Of The Opt-In Class Members Because Defendant Cannot Meet Its Heavy Burden Showing Its Need To Seek Formal Discovery From Every Opt-In Class Member In This Case**

Notwithstanding the fact that Edison did not first seek an order from the Court, when faced with such motion, courts have allowed only limited discovery as to unnamed plaintiffs when the proponent of discovery establishes that (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to the discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent. *McPhail v. First Command Financial Planning, Inc.*, 251 F.R.D. 514, 517 (S.D.Cal. 2008).[5]

Applying the factors articulated in *McPhail,* Edison cannot meet its burden of justifying the discovery it seeks. With respect to the first factor, the discovery here is clearly designed to take undue advantage of opt-in Class members and is a weakly veiled attempt to reduce the size of the class. The level of detail required to respond to the discovery, which requests, for example, that Class members provide all documents tending to support or refute paragraphs 17, 18, 19, and 23 of Lead Plaintiff's complaint (Request Nos. 15-23), would deter many Class members from responding, particularly if they are unaware of the ramification of not providing responses. Furthermore, Document Request No.13, which seeks any personal diaries, calendars, schedules, logs or daily planners from class members during the entire class period, and Document Request No. 14, which requests class members' credit or debit card statements, are harassing and burdensome and are clearly intended to reduce the size of the Class. Edison's argument that personal diaries are "highly relevant" (Oppo. Memo., 13:19) is without merit since time cards and pay stubs, which Edison already possesses, would perform the same function and are clearly less invasive. Edison's argument that Class members should disclose their personal credit card statements, which "might reveal" (Oppo. Memo., 14:12) how Class members spent their time, is a useless invasion of privacy, as

---

5  Moreover, as *Clark* recognized, the party seeking to take the depositions of absent class members has a heavy burden, holding, "in light of the nature of the deposition process- namely, the passive litigants are required to appear for questioning and are subject to often stiff interrogation by opposing counsel with the concomitant need for counsel of their own- we are of the view that the burden confronting the party seeking deposition testimony should be more severe than that imposed on the party requesting permission to use interrogatories." *Clark, supra,* 501 F.2d at 341.

1  Edison could easily refer to its own pager system which ensured the whereabouts of its Emergency
2  Response Team members. Moreover, Class members will clearly be inconvenienced and disrupted
3  if they are require to be deposed, which would entail spending time meeting with Class counsel
4  regarding their depositions, especially when they were never informed that they could be subject to
5  formal discovery.

6  With regard to the second factor, Edison cannot show that the proposed discovery is
7  necessary. On the contrary, many of Edison's document requests are clearly unnecessary as Edison
8  already has complete knowledge of the information it seeks. Document Request Nos. 1-12 seek
9  documents concerning payment, job training, job titles, job descriptions and job duties which are
10 already in the possession of Edison. Furthermore, Edison cannot show how or why it is necessary
11 to conduct another deposition with Lead Plaintiff, or with the Class members who share the same
12 common grievance as Lead Plaintiff.

13 With respect to the third factor, it is entirely unrealistic that absent class members could
14 respond to Edison's document requests without the assistance of counsel. Edison's blank assertion
15 that the Requests for Admissions in *McPhail* "are more legally involved" than RFPs is irrelevant to
16 Lead Plaintiff's position. (Oppo. Memo., 15:19-21). *Even if* requests for admissions would
17 necessitate *more* assistance from Class counsel, this does not extinguish the fact that Class members
18 would need assistance in responding to Defendant's RFPs. Furthermore, Edison's argument that
19 *McPhail* is an "inapposite" Rule 23 class action (Oppo. Memo., 15:17) is without merit since Lead
20 Plaintiff believes this Court should follow the line of FLSA cases which apply Rule 23 by analogy.
21 Lastly, the size of the class in *McPhail* is inconsequential because the third element in *McPhail*
22 mandates that individualized discovery requests cannot require the assistance of counsel, and makes
23 no exception for smaller classes, as Edison suggests in its Opposition. (Oppo. Memo., 16:25-26).

24 Finally, with regard to the fourth factor, as noted above, Edison already knows and possesses
25 the information it seeks. Document Request Nos. 1-12 seek documents concerning payment, job
26 training, job titles, job descriptions and job duties which are already in the possession of Edison.
27 Edison cannot honestly allege that it does not possess documents concerning job descriptions and
28 duties of the very jobs it provides. Edison's argument that it only seeks those documents that are in

the "possession, custody or control" of class members is without merit. (Oppo. Memo., 13:14-18). The fourth factor prohibits discovery when the information is already *known* by the proponent, whether or not the information is also within the possession of class members.

Furthermore, Edison reliance upon *Trinh v. JP Morgan Chase & Co.*, 2008 WL 1860161 (S.D.Cal.,2008) and *Mike v. Safeco Ins. Co. of America,* 274 F.Supp.2d 216 (D. Conn. 2003) authority in support of its position that its discovery requests are "narrowly tailored," and necessitate responses on an individual basis, is misplaced. Neither *Trinh* nor *Mike* have anything to do with allowing individualized discovery after conditional class certification has been granted.

**4. This Court Should Prohibit Discovery Of The Opt-In Class Members Because Defendant Failed to Receive An Order From The Court Before Propounding Discovery On Opt-In Class Members.**

It is undisputed that Edison failed to bring a court order before serving each Class member with individualized Requests for Production of Documents ("RFPs"), and before serving notices of deposition on two opt-in Class members, which is reason alone to grant Lead Plaintiff's protective order. Edison argues in its Opposition that this Court has already ruled on the scope of permissible discovery in this matter via the November 13, 2009 Order Following Case Management Conference And Setting Schedule Regarding Defendant's Motion For Decertification (hereinafter "Court Order"), thereby making it unnecessary to receive a court order before propounding discovery on the Class. (Oppo. Memo., 16:17-18; Kwak Decl. Exh. D). However, the Court Order does not automatically grant Edison the right to take 20 Class members depositions, as Edison would like to believe. The Court Order merely *limits the total number* of depositions Edison is permitted to take and in no way serves as a specific order allowing Edison unfettered discretion to take the depositions of 20 Class member either now or sometime in the future.[6] Furthermore, the Court Order was a specific limitation directly in response to Lead Plaintiff's request to be afforded 100 requests for admission, special interrogatories and depositions. (See Amended Joint Rule 26(f) Report and Discovery Plan; Kwak Decl., Exh. D). Moreover, the Court Order is silent as to RFPs, and therefore

---

6    Edison has served notice of depositions on two opt-in Class members thus far, but intends on serving more notices at some uncertain date in the future, apparently also without an order from the Court. (Oppo. Memo., 19:13-16).

the Court has not ruled on the permissible scope as to RFPs. It is absurd for Edison to argue that the Court has determined the permissible scope of the RFPs, or that it is entitled to serve RFPs on each and every Class member.

Edison also argues in its Opposition that a prior court order is somehow simply not necessary to seek discovery from opt-in Class members, but cites no legal authority to support its position. Instead, Edison cites to practices guides which discuss the status of opt-in class members, and that "good cause" is necessary for a court order. (Oppo. Memo., 16:12-18). Edison's authority does not support its position that a court order is not needed before propounding discovery on individual Class members.

Lastly, Edison argues that Lead Plaintiff cannot complain about the individualized discovery propounded on the opt-in Class members because Lead Plaintiff propounded discovery on Edison, the named party, regarding the Class. (Oppo. Memo., 18:19-19:3). This argument is nonsensical. Lead Plaintiff's main contention in his Motion is that individualized discovery is inappropriate *as to opt-in class members* who play a passive role in this litigation who were never notified that they would be subject to individualized discovery. Since Class members are not named parties to the action (as this is not a joint action), Edison is not entitled to propounding discovery on them as if they are *named parties*, without first making the requisite showing on its own motion and obtaining a prior Court order.

**B.   Even If This Court Were To Allow Defendant To Conduct Discovery On Opt-In Class Members, The Discovery Should Be Confined To A Limited, Representative Sample.**

Given the fact that FLSA class actions are routinely tried on a representative basis, it is appropriate also to structure discovery on a representative basis, and conversely it is unreasonable to spend time and expense engaging in discovery on with every member of the Class cannot and will not be used at trial. While Edison has propounded RFPs on all 76 members of the Class and argues that it is entitled to take depositions of 20 or 26% of Class members, Edison appears to argue that discovery should be limited to a statistically relevant, representative sample. (Oppo. Memo., 17:10-27). Edison cites *Cranney v. Carriage Services, Inc*. 2008 WL 2457912, *3 (D.Nev., 2008), which limited discovery to a representative sample of 10%; *Nelson v. Am. Standard, Inc.*, 2009 WL

4730166, *3, which allowed discovery from *only* 91 opt-in class members and named plaintiffs out of a certified collective action of over 1,300, totaling less than 7% of the class; and *Bradford v. Bed Bath & Beyond, Inc.,* 184 F. Supp. 2d 1342, 1344 (N.D. Ga. 2002), which allowing discovery from only 31 opt-in and named plaintiffs, out of a class of 300, totaling 10% of the class. However, propounding RFPs on all Class members and taking the depositions of 26% of the Class members is more than any representative sample order by other courts in these decisions cited by Edison and would constitute a waste of time and resources. Thus, *even if* the Court concludes that Edison has met its heavy burden entitling it to some discovery of Class members, discovery should *not* be propounded on *every one* of the 76 Class members, and following Edison's own authorities, should be limited in scope to a representative sample to not greater than 10%.

## III.
## CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that this Court grant his motion for a protective order seeking to (1) prohibiting Edison from propounding written discovery on opt-in, non-party class members; and (2) prohibiting Edison from taking the depositions of opt-in, non-party class members. Specifically, Lead Plaintiff respectfully requests that the Court issue an order that the 76 opt-in class members need not respond to Defendant Southern California Edison Company's First Set of Requests for Production of Documents to Plaintiffs Listed on Exhibit A and that opt-in class members Laura Green and Salvatore Dolcemascolo need not appear for the taking of their deposition, as well as an order prohibiting Edison from propounding any additional discovery on the 76 opt-in class members in the future without seeking and thereafter obtaining leave from the Court to do so. In the alternative, Lead Plaintiff requests that the Court either order that discovery on absent class members is completely voluntary without the threat of sanctions for a non-response, or limit discovery only to a limited, representative sample of Class members.

Dated: January 13, 2010            KEEGAN & BAKER, LLP


                                   s/ Patrick N. Keegan
                                   Patrick N. Keegan, Esq.
                                   Attorneys for Lead Plaintiff FRANK STANNARD
                                   and the Certified Class